

**U.S. Department of Justice**
Civil Division
Federal Programs Branch

| | |
|---|---|
| **Mailing Address** | **Overnight Delivery Address** |
| P.O. Box 883 | 20 Massachusetts Ave., N.W. |
| Washington, D.C. 20044 | Washington, D.C. 20001 |

Robert J. Prince
Trial Attorney

Tel:  (202) 305-3654
Fax: (202) 616-8470
robert.prince@usdoj.gov

**FILED**

**AUG 2 1 2012**

Clerk, U.S. District and
Bankruptcy Courts

August 21, 2012

**VIA COURIER**

The Honorable Royce C. Lamberth
United States District Court
333 Constitution Avenue N.W.
Washington D.C. 20001

Tel: (202) 354-3380

Case:  *In re Guantanamo Bay Detainee Continued Access to Counsel*
        Misc. Action No. 12-398 (RCL)

Re:   Inapplicability of U.S. Department of the Navy Corrections Manual to the Detention
       Facility Operated by JTF-GTMO

*Let this be filed!*
*Royce C. Lamberth*
*U.S.D.J. 8/21/12*

Dear Chief Judge Lamberth:

During the motions hearing held August 17, 2012, regarding continued counsel access for Guantanamo Bay detainees who no longer have a pending habeas case, the Court asked counsel for Respondents to submit a letter documenting why the U.S. Department of the Navy Corrections Manual ("Corrections Manual"), SECNAVINST 1640.9C (Jan. 3, 2006), available at http://doni.daps.dla.mil/Directives/01000%20Military%20Personnel%20Support/01-600%20Performance%20and%20Discipline%20Programs/1640.9C.pdf, does not apply to detainees held at Guantanamo Bay pursuant to the Authorization for Use of Military Force, as informed by the principles of the law of war.

The Corrections Manual does not apply here for two reasons. First, although the Joint Task Force Guantanamo (JTF-GTMO) detention facility, in which Petitioners in these Guantanamo habeas corpus cases are held, is located on the U.S. Naval Station Guantanamo Bay, neither JTF-GTMO, nor the detention facility it operates, is a U.S. Navy unit under the authority of the Secretary of the Navy ("SECNAV") or subject to regulations, such as those reflected in the Corrections Manual, that are prescribed pursuant to the authority of SECNAV.[1]

---

[1] The Corrections Manual is promulgated by SECNAV, who delegates authority to "Navy Personnel Command . . . (PERS-68) and Commandant of the Marine Corps (CMC) (PSL Corrections)" to "administer confinement facilities and correctional custody units per this manual." Corrections Manual § 1201.5; *see also* BUPERSINST 1640.22, available at http://www.public.navy.mil/bupers-npc/reference/instructions/BUPERSInstructions/Documents/1640.22.pdf, (implementing the provisions of the Corrections Manual pursuant to § 1201.5a).

Rather, JTF-GTMO and its detention facility fall under the authority of U.S. Southern Command ("USSOUTHCOM"), *see* http://www.southcom.mil/aboutus/Pages/Our-Team.aspx, one of nine unified combatant commands, *see* http://www.southcom.mil/aboutus/Pages/About-Us.aspx. That chain of command runs from "the President to the Secretary of Defense . . . to the commander of" USSOUTHCOM, 10 U.S.C. § 162, to the commander of JTF-GTMO. It does not include SECNAV or any of the Navy or Marine Corps components who have been delegated authority under the Corrections Manual. Therefore, JTF-GTMO and its detention facility are not subject to the regulations prescribed by SECNAV in the Corrections Manual.

Second, the Corrections Manual would not apply to the issue before this Court even if JTF-GTMO were subject to regulations prescribed by the Secretary of the Navy, because the detention facility run by JTF-GTMO, in the context of these cases, is not a corrections facility. On its face, the Corrections Manual applies to detention and confinement of prisoners pursuant to the Uniform Code of Military Justice ("UCMJ"), 10 U.S.C., Chap. 48, and, except for one specifically described and limited provision concerning detention on naval vessels,[2] not to the detention of individuals such as Movants captured during military wartime operations. This reading of the Corrections Manual is confirmed by both the authority from which the Manual emanates and the stated purpose of the Manual. SECNAV promulgated the Corrections Manual pursuant to the UCMJ, which authorizes the Secretary of each Military Department to prescribe instructions under which "sentences of confinement adjudged by a court-martial or other military tribunal . . . may be carried into execution." UCMJ Art. 58(a), 10 U.S.C. § 858(a); *see also* Corrections Manual §§ 1101.1, 1101.3 (citing 10 U.S.C., Chap. 48 as authority for the Secretary of each Military Department to "establish and operate correctional facilities" and to prescribe regulations under which officers in command of military correctional facilities shall have custody and control of offenders subject to confinement). Movants in these cases are not held pursuant to the UCMJ or confined pursuant to the judgment of a military tribunal, but rather pursuant to the AUMF. *See Al-Bihani v. Obama*, 590 F.3d 866, 873 (D.C. Cir. 2010).

Furthermore, the purpose of the Corrections Manual is inapposite to the purpose for detention at JTF-GTMO. By its own terms, the Corrections Manual "is the primary policy statement of SECNAV applicable to confinement and correction of naval offenders," § 1201.2, and is "the basic directive of SECNAV governing naval corrections," § 1301.1. The purpose of the Corrections Manual—to regulate confinement carried out in furtherance of naval corrections—is apparent throughout. Section 1202, titled "Correctional Philosophy," makes it clear that the confinement discussed in the manual "is punishment," § 1202.1, and that, because "punishment alone is seldom corrective," *id.*, the Manual "provides for a correctional program which includes counseling and a systematic evaluation of prisoners" whose "goal is to restore the maximum number of prisoners to duty at the earliest time, better prepared to perform useful, offense-free service," *id.* § 1202.4 These goals are not relevant to the detainees in these cases, who are held not for punishment or corrective reasons, but to prevent them from returning to the battlefield. *See Hamdi v. Rumsfeld*, 542 U.S. 507, 519 (2004) (plurality) (explaining that

---

[2] Section 11203 of the Correction Manual addresses the detention of prisoners of war, civilian internees, and other detained persons aboard naval vessels.

2

"detention to prevent a combatant's return to the battlefield is a fundamental incident of waging war"); *see also* JTF-GTMO Overview, available at http://www.jtfgtmo.southcom.mil/xWEBSITE/fact_sheets/GTMO%20Overview.pdf.

The detention facility at JTF-GTMO satisfies neither aspect of the subject matter regulated by the Department of the Navy Corrections Manual: it is neither under the chain of command of the Department of the Navy, nor is it, with respect to Movants, a corrections facility.

For these reasons, the Department of the Navy Corrections Manual simply is not applicable to the issue of counsel access for JTF-GTMO detainees. As Government counsel argued at the August 17, 2012 motions hearing, however, the Government's Memorandum of Understanding at issue in this matter provides detainees with robust, privileged access to counsel consistent with the detainees' habeas corpus rights.

        Sincerely,

        */s/ Robert J. Prince*
        Robert J. Prince
        Trial Attorney
        U.S. Department of Justice, Civil Division

cc:    Counsel for Petitioners, via email:
        Jennifer R. Cowan, jrcowan@debevoise.com
        Rebecca Briggs, rbriggs@orrick.com
        Brian E. Foster, bfoster@cov.com
        Schuyler William Livingston, Jr., wlivingston@cov.com
        John B. Missing, jmissing@debevoise.com
        Alan Arnold Pemberton, apemberton@cov.com
        Michael S. Rapkin, msrapkin@gmail.com
        Scott B. Rapkin, scottrapkin@rapkinesq.com
        David H. Remes, remesdh@gmail.com
        Stephen M. Truitt, truittsm@gmail.com